PER CURIAM.
Jerry R. Leibow appeals from a final order of the Florida Department of Children and Family Services [DCF] Office of Appeal Hearings granting the DCF’s motion to dismiss. We remand for further proceedings.
In September of 2002, Leibow received notices from DCF relating to food stamp and cash assistance overpayments. In May 2003, DCF received two letters in one envelope from Leibow requesting fair hearings on the overpayment notices. One request referencing a February 2003 DCF notice was considered timely.[1] The second letter was a copy of a request dated October 15, 2002, referencing the September 2002 overpayment notices. Leibow sent a copy of the October 15, 2002 request in support of his request for consolidation of the two proceedings. The DCF deemed this request untimely as it was received by DCF well past the request period, despite Leibow’s assertion that he had mailed the original to DCF in October 2002. At an administrative hearing on the issue the hearing officer examined evidence and heard testimony from Leibow and DCF witnesses, and made the factual determination that Leibow failed to timely appeal from the September 2002 notices of administrative overpayments.
Because it is not within this court’s purview to make findings of fact, and because we see no evidence contradicting Leibow’s claim that he timely mailed his request for fair hearing to DCF, we remand[2] to the office of administrative appeal hearings to determine whether the materials Leibow claims to be “newly discovered evidence” are in fact such, and to act accordingly.
Reversed and remanded for further proceedings.

. Rule 65-2.046(l)(a), Florida Administrative Code, sets the time limit to request a fair hearing as 90 calendar days from the date of written notification of agency action. The notices from DCF informed Leibow of his hearing rights and of the 90-day time period in which to request a fair hearing on the matter (30 days for cash assistance claims).

. Chapter 120.68(6)(a)l., Florida Statutes (2002) (Florida's Administrative Procedure Act).